# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| NewRez LLC d/b/a Shellpoint Mortgage Servicing, | Case No.: _____ |
|     Plaintiff, | |
| v. | Action for Debt and Foreclosure of Real Property |
| Theresa Paulitz Dailey, | |
|     Defendant. | |
| _____/ | |

## COMPLAINT

Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing ("SHELLPOINT") by and through undersigned counsel,, for its complaint against Defendant THERESA PAULITZ DAILEY ("DAILEY"), states:

1. Jurisdiction is proper over this matter pursuant to 28 U.S.C § 1332, due to the completed diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000.00, and because this is an action to foreclose a real property mortgage.

2. Venue is proper in this division because the subject mortgaged real property is located in St. Thomas, U.S. Virgin Islands.

3. Plaintiff SHELLPOINT is a Delaware corporation with a principal place of business located in South Carolina.

4. Defendant DAILEY is the owner of record of the subject Mortgaged Property described herein located in St. Thomas, U.S. Virgin Islands, and upon information and belief, is a citizen of and resident of St. Thomas, U.S. Virgin Islands. A copy of the Warranty Deed is attached as **Exhibit A**.

5. On February 23, 2006, Defendant DAILEY executed a Note in which they promised to pay the Note Holder the principal sum of Two Hundred Eighty Thousand and 00/100 U.S. Dollars ($280,000.00) together with interest at the rate of 7.25% per annum, in equal monthly installments of

$1,910.09. A copy of the Note is attached as **Exhibit B**.

6. The Note provides that it shall become due and payable in its entirety, without notice, by reason of default in the payment or interest or principal when due, as well as any other default thereunder.

7. Repayment of the loan, including any and all sums that they at any time and for any reason may become due, is secured by a first priority Mortgage executed on February 23, 2006 by Defendant DAILEY in the principal sum of $280,000.00 covering the following real property:

**Parcel No. 16-J Estate Dorothea**
**No. 6 Little Northside Quarter**
**St. Thomas, Virgin Islands**
**as shown on PWD No. D9-212-T59**

(the "Mortgaged Property"). The Mortgage was recorded at the U.S. Virgin Islands Office of the Recorder of Deeds for the District of St. Thomas on February 23, 2006, as Document No 2006001620. A copy of the Mortgage is attached as **Exhibit C**.

8. The Mortgage was modified by an unrecorded loan Modification Agreement executed by Defendant DAILEY dated July 12, 2018; which confirmed the amount payable under the Note and Mortgage at $230,718.22; and set the interest rate at $7.25% per annum; and extended the maturity date to July 1, 2058. A copy of the Modification Agreement is attached as **Exhibit D**.

9. The Note follows the Mortgage. The Mortgage provides that the borrower shall pay all payments that are due under the Note. The Plaintiff is the holder of the Note and Mortgage and is entitled to enforce the Note and Mortgage.

10. Defendant DAILEY has failed to comply with the terms and conditions of the Note and Mortgage, and is in default under those instruments for failing to pay the principal and interest when due on April 1, 2022.

11. Notice of the default was sent to Defendant DAILEY at the mailing address at time of the default. A copy of the letter is attached as **Exhibit E**.

12. To date, the default has not been cured, and Defendant DAILEY remains in default under

the terms of the Note and Mortgage for failing to pay the principal and interest when due.

13. During the pendency of this action and prior to the foreclosure sale of the Mortgaged Property, Plaintiff may be required to pay real property taxes, insurance premiums, or other similar charges with respect to the Mortgaged Property, which, pursuant to the terms of the Mortgage become part of the principal amount of the indebtedness and for which Plaintiff is entitled to recover against Defendant DAILEY; as well as its costs and fees, including reasonable attorneys' fees, incurred as a result of protecting Plaintiff's legal rights, which under the provisions of the Mortgage also become a lien on the Mortgaged Property until paid.

**Count I - Action for Debt**

14. Plaintiff re-states and re-alleges the preceding paragraphs and incorporates them by reference as if fully stated herein.

15. Pursuant to the terms and conditions of the Note and Mortgage, Plaintiff has elected to declare the entire unpaid principal sum with all accrued interest and late charges due and payable, and there is, accordingly, due and owing to Plaintiff SHELLPOINT the total sum of the least **$273,947.41** as of **September 24, 2023** as shown below:

| | |
|---|---|
| Unpaid Principal Balance | $ 226,603.48 |
| Interest | $ 25,678.32 |
| Late Charges | $ 221.37 |
| Taxes | $ 2,414.28 |
| Hazard Insurance | $ 28,780.00 |
| Corporate Advances | $ 1,850.00 |
| Escrow Balance at Loan Transfer | $ -1,070.51 |
| Credits | $ -10,529.53 |
| **Total Amount Due** | **$ 273,947.41** |

plus further interest and late charges accruing until the date of judgment.

16. Plaintiff is entitled to recover all sums due under the Note from Defendant DAILEY.

17. Under the terms of the Mortgage, Plaintiff is entitled to be reimbursed for any insurance

premiums, taxes, or other charges that it pays with respect to the Mortgaged Property.

18. Under the terms of the Note and Mortgage, Plaintiff is entitled to be reimbursed for its reasonable attorney fees and other expenses incurred by Plaintiff to enforce payment of the Note or incidental to foreclosure of the Mortgaged Property.

19. The amounts due under the terms and conditions of the Note are for a fixed and definite sum, or a sum that by computation can be readily ascertained.

## Count II - Foreclosure of All Liens

20. Plaintiff re-states and re-alleges the preceding paragraphs and incorporates them by reference as if fully stated herein.

21. Plaintiff is the holder of the Note and Mortgage given by Defendant DAILEY.

22. Defendant DAILEY is in default under the terms and conditions of the First Priority Mortgage and as a result, Plaintiff is entitled to foreclose its lien and any and all subordinate liens encumbering the Mortgaged Property to satisfy its Note.

## Count III - Quiet Title

23. Plaintiff re-states and re-alleges all of the previous paragraphs and incorporates them by reference as if fully stated herein.

24. Plaintiff is the Foreclosing Assignee of the Mortgage given by Defendant DAILEY encumbering the Mortgaged Property detailed above.

25. Defendant DAILEY is in default under the terms and conditions of the Mortgage, and as a result, Plaintiff is entitled to foreclose its lien encumbering the Mortgaged Property to satisfy its Note by way of foreclosure sale.

26. Plaintiff or the purchaser at the foreclosure sale against is entitled to possession of the Mortgage Property at the exclusion of Defendant DAILEY, or any parties alleging any right, title or interest in the Mortgaged Property through, under, or against Defendant DAILEY or on their behalf.

27.     The aforesaid transactions, act, and circumstances allow Plaintiff or the purchaser at the foreclosure sale to have title to the Mortgage Property quieted against any lien or claim of right of any and all Defendants or other third parties, known or unknown, claiming any present or future right, title, estate, or interest in the Mortgaged Property.

28.     Defendant DAILEY and all persons claiming by, through under or against them, have no estate, right title, lien, or interest in or to the Mortgage Property, or any part thereof, superior to that of the Plaintiff.

1.     Plaintiff is entitled to an Order or Judgment perpetually enjoining Defendant DAILEY and those parties claiming by, through, under or against the Defendant DAILEY from asserting any right, title claim, alleged lien, or interest in and to the Mortgage Property.

WHEREFORE, Plaintiff requests judgment as follows:

a)     declaring that Defendant DAILEY has defaulted under the terms of the Note and Mortgage, thereby entitling Plaintiff SHELLPOINT to exercise all of the remedies provided for those instruments;

b)     That Defendant DAILEY is indebted to Plaintiff in the total amount of at least **$273,947.41** as of **September 24, 2023** as described herein; plus all additional unpaid principal, interest, costs, expenses, and attorney's fees incurred by Plaintiff during the pendency of this matter or otherwise as of the date of judgment, plus interest accruing thereafter at the legal rate until the judgment is satisfied;

c)     recognizing Plaintiff's Mortgage to be a valid first priority Mortgage against the Mortgaged Property;

d)     awarding a personal judgment against Defendant DAILEY for any deficiency remaining if this judgment is not satisfied after such sale;

e)     granting possession of the Mortgaged Property to Plaintiff or the purchaser at the foreclosure sale against the Defendants or anyone holding under them;

f)     awarding Plaintiff the costs and fees incurred by it in protecting its rights in the Mortgaged

Property, including but not limited to real property taxes and insurance premiums respecting the Mortgaged Property during the pendency of this action and prior to the foreclosure sale thereof; together with post judgment interest on the judgment amount, costs and reasonable attorneys' fees;

    g)    declaring that Defendant DAILEY and all persons claiming from and under them are barred and forever foreclosed of all right, title, lien, claim, and equity of redemption in and to the Mortgaged Property, subject only to the statutory right of redemption except where waived and released; and

    h)    awarding Plaintiff any such other and further relief as the Court deems proper under the circumstances.

Respectfully submitted,

Quintairos, Prieto, Wood & Boyer, P.A.
24b Norre Gade, Mail: 1026 Norre Gade
St. Thomas, VI 00802

Mailing Address:
255 Orange Avenue, Suite 900
Orlando, FL 32801
Phone: (855) 287-0240
Fax: (855) 287-0211

/s/ Matthew R. Reinhardt
Matthew R. Reinhardt, Esq.
V.I. Bar Number 1265
Matthew.Reinhardt@qpwblaw.com